UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY NEWELL,

        Plaintiff,

v.

KEVIN ESTES and ROSETTUS WEEKS,

        Defendants.

_____/

Case No. 06-12668

HON. MARIANNE O. BATTANI

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Before the Court is Plaintiff Ricky Newell's Motion for Relief from Judgment Pursuant to Rule 60(b).  (Doc. 36); see FED. R. CIV. P. 60(b).  For the reasons that follow, the Court denies Newell's motion.

Newell is an inmate in state custody who is proceeding *pro se.*  He filed the present suit as a 42 U.S.C. § 1983 civil rights action and alleged that Defendant Kevin Estes, a security officer at Huron Valley Center, assaulted him.  Subsequently, Defendant Weeks filed a Motion to Dismiss.  (Doc. 25).  The motion was referred to a Magistrate Judge, who issued a Report and Recommendation ("R&R") that this Court grant the Motion to Dismiss.  (Doc. 31).  In particular, the Magistrate Judge recommended that this Court grant the Motion to Dismiss because Newell did not properly exhaust his administrative remedies before bringing this action as the grievance that he filed was rejected as untimely.  Newell declined to object to the

Magistrate Judge's R&R and this Court adopted the R&R and granted the Motion to Dismiss.  (Doc. 33).

Newell has now filed a motion for relief pursuant to Rule 60(b).  In this motion, Newell argues that the Court misapplied the law when it granted the Motion to Dismiss. Under Federal Rule of Civil Procedure 60(b), the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for, among other things, mistake, inadvertence, surprise, or excusable neglect.  The Sixth Circuit has recognized a claim of legal error as being a claim of mistake under Rule 60(b)(1).  Pierce v. United Mine Workers of America Welfare and Retirement Fund for 1950 and 1974, 770 F.2d 449, 451 (6th 1985).

Nowhere in his Rule 60(b) motion does Newell contend that this Court erred in concluding that he failed to object to the Magistrate Judge's R&R within 10 days as required by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2) (2008), and E.D. Mich. LR 72.1(d)(2).  Under 28 U.S.C. § 636, "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Furthermore, the failure to object to a Magistrate Judge's R&R waives any right to further appeal.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health and Human Serv., 932 F.2d 505, 508 (6th Cir. 1991).  Newell does not offer any explanation for his failure to raise his legal arguments in a proper objection to the Magistrate Judge's Report and Recommendation.  Accordingly, the Court finds that his failure to object precludes him from obtaining relief under Rule 60(b).  Furthermore, even if the Court were to consider the merits of Newell's motion, it would fail.

2

Accordingly, the Court **DENIES** Newell's Rule 60(b) motion.

**IT IS SO ORDERED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATED: January 28, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

        s/Bernadette M. Thebolt
        Case Manager