UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY NEWELL, #123642

        Plaintiff,                        CIVIL ACTION NO. 06-12668

    v.                                   DISTRICT JUDGE MARIANNE O. BATTANI

KEVIN ESTES,                    MAGISTRATE JUDGE MARK A. RANDON

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**TO DISMISS FOR FAILURE TO PROSECUTE**

Plaintiff, Ricky N. Newell, is a state prisoner currently housed at the Richard A. Handlon Correctional Facility in Ionia, Michigan (Dkt. No. 47). In 2006, Plaintiff filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 in the Western District of Michigan against four defendants. United States District Judge Gordon J. Quist dismissed two of the defendants (Roger Smith and Cynthia Kelly) and transferred the case to this Court (Dkt. No. 1).

After the case was administratively dismissed and then reopened by Judge Battani, service was attempted on the two remaining defendants Kevin Estes (a former Forensic Security Officer at the Huron Valley Center ("HVC") in Ypsilanti, Michigan) and Rosetta Weeks (the former Director of HVC). Weeks, through her attorney, waived service, on September 8, 2008, and was subsequently dismissed as a party after the Court granted Weeks' motion to dismiss (Dkt. No. 33). Thus, Estes has been the only defendant since July 22, 2009. To date, however, despite the efforts of the Court and Plaintiff's representation that he would provide an address for Estes (which he has not), service upon Estes has not been effectuated. For the reasons indicated below, **IT IS RECOMMENDED** that Plaintiff's claims against Estes be **DISMISSED** for lack of prosecution.

**A. Procedural History Regarding Service**

The following series of orders have been entered in an attempt to obtain service upon Estes: an Order Directing Service was entered January 3, 2008 (Dkt. No. 11). A request for waiver of service on Estes was returned unexecuted on February 28, 2008 (Dkt. No. 14). An Order Requesting Defendant's Address was then entered May 13, 2009 (Dkt. No. 15), and Estes' last known address was provided under seal by the Michigan Attorney General's Office ("AG"). A second Order Redirecting Service to the address provided by the AG was entered May 30, 2008 (Dkt. No. 19). But, waiver of service was again returned unexecuted as to Estes on September 12, 2008 (Dkt. No. 22).

A second Order Requesting Address was entered on October 6, 2008 (Dkt. No. 24) and Estes' last known address was provided for a second time, under seal, on December 21, 2008 (Dkt. No. 26). On January 23, 2009, the waiver of service as to Estes was again returned unexecuted (Dkt. No. 30). A fourth attempt at service was made following the undersigned's Order Directing Re-Service as to Estes on July 31, 2009 (Dkt. No. 34). This last attempt to serve Estes was returned unexecuted on March 5, 2010 (Dkt. No. 42). An Order to Show Cause was entered January 25, 2010, advising Plaintiff that a Report and Recommendation dismissing his complaint as to Estes would be entered for failure to serve (Dkt. No. 39). Plaintiff responded to the show cause on March 8, 2010, advising the court that he was unable to provide an address for Estes and requesting a "reasonable time" to do so (Dkt. No. 43). More than ten months later, Plaintiff has yet to provide an address for Estes. Despite numerous attempts by the U. S. Marshal's Service, Estes has not been served and is not yet subject to this court's jurisdiction. *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976).

**B. Discussion**

The grant to Plaintiff of the right to proceed *in forma pauperis* only requires this court to bear the cost of service. 28 U.S.C. §1915(c). "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990) (citing *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)). Plaintiff has been given the opportunity to provide an address at

which to serve Estes, but has failed to do so. As such, Plaintiff's complaint should be dismissed for lack of prosecution.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure: "[i]f the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it. . . ." In *Link v. Wabash Railroad Company*, 370 U. S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Supreme Court interpreted Rule 41(b) as allowing the Courts to dismiss a complaint for lack of prosecution *sua sponte*. *See also*, *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). The Supreme Court in *Link, supra,* held that:

> "[N]either the permissive language of the Rule - which merely authorizes a motion by the defendant - nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of the Courts, acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."

*Link*, 370 U.S. at 630, 82 S.Ct. at 1388-1389.

The Supreme Court in *Link, supra*, further ruled that the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing in a lack of prosecution case would not necessarily render such a dismissal void. *Link,* 370 U.S. at 632, 82 S.Ct. at 1389. While the Court acknowledged that it is a fundamental requirement of due process that the opportunity to be heard upon proper notice be provided, this does not mean that every order entered without notice and a preliminary adversary hearing offends due process. *Link*, 370 U.S. at 632, 82 S.Ct. at 1389. The Court reasoned that "[t]he adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Link*, 370 U.S. at 632, 82 S.Ct. 1390.

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less

-3-

drastic sanctions were imposed or considered before dismissal was ordered. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court warned Plaintiff that his case would be dismissed for failure to serve Estes within the time prescribed by Fed.R.Civ.P 4(m) (Dkt. No. 31). Plaintiff responded that he needed more time but has failed to provide an address for Estes over the ensuing ten months. Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether Plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, Plaintiff failed to provide an address for Estes. Thus, the first and third factors weigh in favor of dismissal. Finally, given the fact that all of the other defendants have been dismissed and Estes has remained unserved for more than *three years*, there is not an appropriate lesser sanction that could be imposed. Thus, none of the factors weigh against dismissal for failure to prosecute.

It should be noted that the principle of allowing dismissal of a case for lack of prosecution is grounded in the interests of preventing undue delays, avoiding congestion of court calendars, and providing meaningful access for other prospective litigants to overcrowded courts. *Link*, 370 U.S. at 629-30, 82 S.Ct. at 1338. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2nd Cir. 1982).

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint against Defendant Estes be dismissed for lack of prosecution.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
Mark A. Randon<br>
United States Magistrate Judge

Dated:  January 25, 2011

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 25, 2011.*

*s/Melody R. Miles*<br>
*Case Manager to Magistrate Judge Mark A. Randon*

*(313) 234-5542*

**Copies sent to:**
 **Ricky Newell, #123642**
 Richard A. Handlon Correctional Facility
 1728 Bluewater Highway
 Ionia, MI  48846

-5-